UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BENJAMIN FOX, ET AL** | **CASE NO. 2:18-CV-00502** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NU LINE TRANSPORT L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (Doc. 29) filed by Defendant Nu Line Transport, LLC ("Nu Line") wherein Nu Line seeks to have the claims for direct or independent negligence against it dismissed with prejudice because Plaintiffs have asserted a claim for vicarious liability under *respondeat superior*. For the reasons that follow, the motion will be granted.

## FACTUAL STATEMENT

The Petition for Damages alleges that Defendant, Simon E. Brumfield, failed to observe three (3) marked emergency vehicles in the left lane while traveling in that lane. Plaintiff, Benjamin Fox, was working an automobile crash with the Louisiana Office of State Police when Brumfield's vehicle hydroplaned on the icy road and collided with the vehicle in which Mr. Fox was sitting causing bodily injuries. Brumfield was in the course and scope of his employment with Defendant Nu Line at the time the incident sued upon occurred.[1]

---

[1] Petition for Damages, Doc. 1-4, ¶ 2; Stipulation as to Course and Scope of Employment, Doc. 28.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Plaintiffs allege that Brumfield was in the course and scope of his employment with Nu Line[2] when his Freightline Tractor collided with Plaintiff's vehicle. In addition to alleging that Brumfield was negligent, Plaintiffs also allege that Nu Line, as Mr. Brumfield's employer, is vicariously liable for Mr. Brumfield's alleged negligence.[3] Plaintiffs also allege direct negligence claims against Nu Line for negligent training, hiring and supervision, and other acts of negligence which may be revealed through discovery, allowing drivers to operate in icy conditions, failure to warn drivers of icy conditions, and failure to design and enforce a standard operating procedure for driving in icy conditions. Nu Line admits that Mr. Brumfield was in the course and scope of his employment when the incident sued upon occurred.[4] Nu Line maintains that it is entitled to summary judgment as a matter of law as to Plaintiffs' direct negligence claims because a plaintiff cannot simultaneously maintain both a direct negligence claim and a claim for vicarious liability under *respondeat superior* citing *Dennis v. Collins II, et al*, 2016 WL 6637973 (W.D. La. 2016)(Chief Judge S. Maurice Hicks, Jr.).

In *Dennis*, Judge Hicks addressed this same argument and concluded that a plaintiff cannot simultaneously pursue both (1) a negligence cause of action against an employee for which the employer is vicariously liable, and (2) a direct negligent training and

---

[2] Doc. 1-4, ¶¶ 2, 9.
[3] *Id.* at ¶¶ 2, 4.
[4] Defendant's exhibit B, Doc. 28, Stipulation as to Course and Scope of Employment.

3

supervision cause of action against the employer when the employer stipulates that the employee was in the course and scope of employment when he committed the alleged negligence. Noting that there is no binding precedent on this issue in Louisiana and making his best *Erie* guess under Louisiana's civilian methodology, Judge Hicks dismissed plaintiff's negligent training and supervision causes of action. Judge Hicks concluded that the negligent hiring claim against the employer was subsumed in a direct negligence claim against the employee. In other words, the driver's negligence includes any negligence of the defendant employer in training or supervision reasoning that if the driver was not negligent, then no amount of negligence on the part of the employer could have been the cause-in-fact or legal cause of the collision. *Id.* at *8. Other courts have been persuaded to cite and follow the *Dennis* court. See *Vaughn v. Taylor*, 2019 WL 171697 (January 10, 2019); *Wright v. National Interstate Insurance Co.*, 2017 WL 5157537 (E.D. La. November 7, 2017); *Wilcox v. Harco International Insurance*, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017);.

This Court finds no reason to part with Judge Hicks' well-reasoned ruling and will apply the same herein.

## **CONCLUSION**

For the reasons stated herein, the motion for partial summary judgment will be granted dismissing with prejudice, Plaintiff's direct negligence claims, including (1) negligent training of employee Simon E. Brumfield on the safe operation of motor vehicles used in his employment; (2) negligent hiring, (3) negligent supervision, (4) any other acts of negligence which may be revealed through discovery, added as a negligence allegation

4

in a Supplemental and Amending Petition for Damages, and proven at the trial of this case, (5) allowing drivers to operate in icy conditions, (6) failure to warn drivers of icy conditions, and (7) failure to design and enforce a standard operating procedure for driving in icy conditions.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this ___11___ day of September, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**