# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| BENJAMIN FOX | CASE NO. 2:18-CV-00502 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| NU LINE TRANSPORT, L L C, ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is "Defendants' Motion in Limine to Limit Testimony of Lt. Stephen Cyprien, Exclude Portions of the Uniform Motor Vehicle Traffic Crash Report, and Exclude Traffic Citation Evidence" (Rec. 55). Defendants argue that Lt. Cyprien has not been designated or qualified as an expert, therefore, his testimony should be limited to the facts within his personal knowledge, such as his observations when he arrived on the scene of the subject motor vehicle accident, any photographs or measurements he took, and the steps of his investigation. Specifically, Defendants argue that Lt. Cyprien should be prohibited from providing his opinions as to causation, who was at fault, and his reasons for issuing any citations. Defendants further request that portions of the accident report authored by Lt. Cyprien be redacted and excluded as inadmissible hearsay and improper opinions on causation or fault.

Lt. Cyprien was called to investigate the scene of the accident after it happened. Defendants argue that he does not have any specialized training in accident investigation or accident reconstruction, and he has never testified as an expert in court.

Plaintiffs argue that Lt. Cyprien should not prohibited from testifying about facts, such as observations upon arriving at the scene, measurements taken, photographs taken, steps taken in the officer's investigation, who he spoke with, what the witnesses said, and who reported injuries at the scene. *Franco v. Mabe Trucking Co.,* 2019 WL 1285381, at *7 (W.D. La. 2019). Plaintiffs also argue that statements made by witnesses or parties at the scene are likewise admissible, citing *Franco.* Rule 801 of the Federal Rules of Evidence provides that an opposing party's statement is not hearsay and is admissible if the statement was made by the party in an individual or representative capacity. Plaintiffs suggest that Defendant Brumfield, the driver of the Freightliner Tractor, stated to Lt. Cyprien that he was traveling 40 mph at the time of the crash.

Plaintiffs further argue that the fact that Defendant Brumfield received a citation is relevant and admissible even though they agree that the mere payment of a ticket is not conclusive admission of fault. Plaintiffs rely on Rule 401 of the Federal Rules of Evidence which provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Plaintiffs remark that even though Mr. Brumfield was not exceeding the normal speed limit, because of the icy road conditions, he was exceeding the safe speed limit for the icy conditions. Plaintiffs suggest that Mr. Brumfield can explain at trial why he paid the traffic ticket. Defendants argue that a ruling on Lt. Cyprien's testimony regarding Mr. Brumfield's statement to Lt. Cyprien that he was traveling at 40 mile per hour should be

deferred until the trial of this matter in order for the Court to examine how and in what context the statement is offered.

Defendants argue that any testimony and evidence regarding the traffic citation issued by Lt. Cyprien to Mr. Brumfield is not admissible at trial. In *Ruthardt v. Tennant*, 215 So.2d 805, 507-808 (La. 1968), the Louisiana Supreme Court ruled that evidence that a party is charged with a traffic violation or convicted is inadmissible in a civil action arising out of the accident, reasoning that the opinions of the officer is often not reliable because they are the result of expediency. The Court agrees that any evidence regarding the speeding ticket is inadmissible lay opinion testimony.

The Court agrees that Lt. Cyprien should not be allowed to testify as to causation, however, he should be able to testify as to Mr. Brumfield's statement to Lt. Cyprien regarding his speed at the time of the accident. The Court finds that Mr. Brumfield's statement is admissible as an opposing party's statement pursuant to Rule 801.

Defendants seek to exclude portions of the Uniform Motor Vehicle Traffic Crash Report that reference Lt. Cyprien's opinions as to the cause of the accident, or who was at fault. Defendants cite *Williams v. Gaitsch*, 2011 WL 13286179, at *2 (W.D. L. 2011), in which the court stated that only those "portions of the report that reflect the police officer's first-hand observations based on his investigation and experience are properly admissible under 803(8)(A)(iii)." "[T]he Fifth Circuit has consistently excluded the portions of police reports that contained the officer's opinions and conclusions." *Id.* As previously noted, any opinion as to causation is inadmissible. The Court finds that the Crash Report is

inadmissible as hearsay and will only be allowed to refresh the officer's memory or for impeachments purposes.

## **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that Mr. Cyprien is prohibited from providing testimony as to causation, the Uniform Motor Vehicle Traffic Crash Report is excluded and Mr. Cyprien will be allowed to testify at court; if needed, he may refer to the Crash Report to refresh his memory; the motion is granted to the extent that evidence that Mr. Brumfield was issued a speeding citation will not be permitted; otherwise the motion is denied.

**THUS DONE AND SIGNED** in Chambers on this 31st day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**