# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| BENJAMIN FOX | CASE NO. 2:18-CV-00502 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| NU LINE TRANSPORT L L C ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is "Defendants' Motion in Limine Regarding Plaintiff, Benjamin Fox's Future Medical Expenses" (Rec. #58) wherein Defendants, American Millennium Insurance Company, Nu Line Transport, LLC and Simon Brumfield (collectively referred to as "Defendants") move to exclude all evidence and testimony of Plaintiff, Benjamin Fox's future medical expenses which are not calculated in accordance with the workers' compensation reimbursement schedule, pursuant Louisiana Revised Statute § 1034.2.

Defendants remark that Plaintiffs intend to introduce testimony from life care planning expert, Aaron Wolfson and expert economist, Wesley Austin. In their calculations, these experts did not calculate Fox's future medical expenses in accordance with the workers' compensation reimbursement schedule. Thus, they contend the future medical expenses are unreasonably inflated.

Defendants submit that at the time of the accident, Trooper Fox was in the course and scope of his employment with the Louisiana State Police and all of Trooper Fox's past medical expenses which totaled $15,188.69, were paid by the workers' compensation carrier.

Plaintiffs argue that the holding in *Simmons v. Cornerstone Investments, LLC*, 282 So.3d 199 (La. 5/18/19) does not apply to *future* medical expenses. In *Simmons*, the Louisiana Supreme Court held that the discount in the amount of medical expenses through workers' compensation is not payment to a plaintiff from a collateral source and therefore not recoverable by a tort plaintiff. Plaintiffs argue that to only allow a tort victim to present future medical expenses under the reduced fee schedule of the workers' compensation act is contrary to well-settled principles regarding a tort victim's right to be made whole.

Plaintiffs rely on Louisiana Statute Ann. § 23:1103 which indicates that a plaintiff receives no benefits from his workers' compensation claim until the funds received from the third-party judgment are exhausted, thus resulting in the plaintiff paying for his future medical treatment. Plaintiffs contend that when a plaintiff proves by a preponderance of the evidence that he will need future medical care due to a tortfeasor's negligence, the tortfeasor is responsible for the full amount of those damages to make the plaintiff whole.

Plaintiffs argue that the proper standard for determining whether a plaintiff is entitled to future medical expenses is proof by a preponderance of the evidence that the future medical expense will be necessary. *Menard v. Lafayette Ins. Co.*, 31 So.3d 996, 1006 (La. 3/16/10).

Defendants inform the Court that Mr. Fox's claim for workers' compensation medical benefits remains open and does not automatically terminate upon the resolution of his separate tort claim; furthermore, there is no evidence that his future medical treatment will not be provided by the workers' compensation carrier. Defendants argue that Mr. Fox cannot prove that it is more probable than not that his future medical expenses will be billed

at higher rates without the reduction based on the workers' compensation reimbursement schedule.[1]

The Court agrees that *Simmons* does not specifically provide for future medical expenses. Plaintiff has the burden to establish his damages regarding future medical expenses. Defendants will be given an opportunity at trial to challenge Plaintiffs' damage calculations. Accordingly,

**IT IS ORDERED** that the Motion in Limine is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 31st day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] La.R.S. § 23:1034.2 provides that "[f]ees in excess of the reimbursement schedule shall not be recoverable against the employee, employer, or workers' compensation insurer."