# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **BENJAMIN FOX, ET AL** | **CASE NO. 2:18-CV-00502** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NU LINE TRANSPORT L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine" (Rec. 59) filed by Plaintiffs, Benjamin Fox and Holly Fox, individually and on behalf of their minor children, Elijah Fox and Noah Fox (collectively referred to as "Plaintiffs"), and "Defendants' Motion in Limine to Exclude Plaintiffs' Proposed Accident Reconstruction Expert, Eric Burson" (Rec. 57) wherein Plaintiffs and Defendants seek to exclude certain evidence in advance of trial.

This lawsuit involves an accident that occurred on Interstate 10. Plaintiff, Benjamin Fox, was in the course and scope of his employment as a State Trooper for the State of Louisiana, when Simon Brumfield, the driver of a Freightline Tractor, struck Mr. Fox's vehicle. Nu Line Transport, LLC was Mr. Brumfield's employer at the time of the accident. Mr. Fox was working an automobile crash when Mr. Brumfield's vehicle hydroplaned on the icy road and collided with the vehicle in which Mr. Fox was sitting causing bodily injuries.

*Employment disciplinary actions*

Plaintiffs seek to exclude any testimony and evidence concerning Ben Fox's prior employment disciplinary actions as a State Trooper. Plaintiffs argue that any mention of

Mr. Fox's disciplinary actions would be irrelevant and highly prejudicial. Defendants acknowledge that evidence of a person's character and evidence of a crime, wrong or other act is inadmissible to prove the person's character to show that on a particular occasion the person acted in accordance with the character.[1] However, Defendants complain that Plaintiffs do not identify the specific prior disciplinary actions they seek to exclude and argue that if the disciplinary action suggested that Mr. Fox was untruthful, such evidence might be relevant.

Plaintiffs inform the Court of the two prior disciplinary actions; the Court finds that they are not relevant and therefore not admissible at the trial of this matter. As to any other bad acts, the parties and the Court agree that a ruling should be deferred until the trial.

*Improper comparison argument*

Plaintiffs move to exclude any arguments made by counsel that tend to compare the instant case with other cases with similar results. Defendants agree that comparison arguments are improper, excepting arguments based on expert testimony derived from comparisons used in scientific studies and data used to formulate the expert's opinions. The Court will exclude comparison arguments, deferring until trial any ruling regarding expert opinions.

*Discounted medical bills*

Plaintiffs withdraw this section of the motion in limine in light of the Louisiana Supreme Court's ruling in *Simmons*.[2]

---

[1] See Fed. R. Evid. 404(a)(1)(b)(1).
[2] Rec. 75, Plaintiffs' Reply Memorandum, § B, p. 2.

*Anti-lawsuit comments*

Plaintiffs move to exclude comments or statements by counsel that insinuate that lawsuits are frivolous or improper. The Court agrees and will exclude any such statements or comments.

*Undisclosed statements*

Plaintiffs seek to exclude any undisclosed documents that were not exchanged in advance of trial. The Court agrees that any non-impeachment documents that were not disclosed in accordance with the requirements of Federal Rule of Civil Procedure 26, discovery, and in accordance with the Court's pre-trial order shall be excluded at trial.

*Evidence of Nu Line Transport's independent fault*

Plaintiffs seek to exclude evidence of the independent fault of Nu Line Transport. Due to the Court's dismissal of this claim, the Court will exclude any such evidence.

*Evidence that Nu Line Transport is no longer in business*

Plaintiffs seek to exclude any evidence that Nu Line Transport is no longer in business. Plaintiffs suggest that such evidence would only lead the jury to believe that Defendant Brumfield would be personally responsible to satisfy any judgment. Defendants agree that this evidence should be excluded. The Court agrees that this type of evidence is not relevant and will exclude same.

*Insurance Coverage and personal liability*

Plaintiff move to exclude any evidence of insurance coverage or that Defendant Brumfield will have personal responsibility for any judgment in this matter. In their

opposition, Defendants agree that insurance coverage should be excluded. Accordingly, this type of evidence will be excluded at trial.

*Brumfield's statement regarding his speed*

Plaintiffs move to exclude Lieutenant Stephen Cyprien's testimony regarding Mr. Brumfield's statement that he was traveling at 40 mph when the accident happened. The Court finds that this statement is admissible as an opposing party's statement pursuant to Rule 801 of the Federal Rules of Evidence.

*DOTD certified records*

Plaintiffs seek to have the Court rule on the admissibility of the Louisiana Department of Transportation certified records. Defendants agree that the certified records are authenticated, but argue that Federal Rule of Evidence Rule 902 does not make them admissible per se. Defendants contend that Plaintiffs do not specify the records' intended use, and then argue that a ruling on their admissibility should be deferred until the trial. The Court agrees. At the trial of this matter, Plaintiffs will be allowed to lay the proper foundation and establish relevance as to the DOTD certified records.

*Life Expectancy Tables*

Plaintiffs, relying on Federal Rule of Evidence 902, seeks to introduce life expectancy tables published by the CDC as government publications. Plaintiffs contend that the Court can take judicial notice of the tables. See *State v Carpenter,* 772 So.2d 200 (La. App. 3rd Cir. 2000) ("Under some circumstances, it may be appropriate to take judicial notice of life expectancy and mortality table published by the government."), *writ denied,* 806 So.2d 665 (La. 2002); see also *Nat'l Information Servs. v. Gottsegen*, 737 So.2d 909,

4

916 (La. App. 5th Cir. 1999) (taking judicial notice of information contained on official government website), *writs denied,* 751 So.2d 226 and 751 So.2d 228 (La. 1999); *Crane v. Crest Tankers, Inc.,* 47 F.3d 292, 293 (8th Cir. 1995) ("It has long been held that life expectancy tables are admissible in damage actions for the consideration of the probabilities of damage over a period of years.").

Defendants maintain that it is premature to determine the admissibility of the table. First, Defendants argue that under Federal Rule of Evidence 803(18),[3] admissibility will depend on expert testimony presented at trial.

The Court agrees and will rule on the admissibility of the life expectancy tables after allowing Plaintiffs the opportunity to lay a proper foundation and after the tables are offered in compliance with Federal Rule of Evidence 803(18).

*Demonstrative exhibits*

Plaintiff request the Court to admit prior to trial and prior to having identified, demonstrative exhibits. The Court will defer ruling until the trial.

*Defendant Simon Brumfield deposition transcript*

Plaintiffs intend to use Defendant Brumfield's deposition testimony in their case-in-chief as well as when examining witnesses. Plaintiffs remark that they will comply with

---

[3] Fed. Rule Evid. 803(18) provides an exception to the hearsay rule such that:
    **Statements in Learned Treatises, Periodicals, or Pamphlets.** A statement contained in a treatise, periodical, or pamphlet if:
    **(A)** the statement is called to the attention of an expert witness on cross-examination or relied on by the experts on direct examination; and
    **(B)** the publication is established as a reliable authority by the expert's admissions or testimony, by another expert's testimony, or by judicial notice.

    If admitted, the statement may be read into evidence but not received as an exhibit.

Federal Rules of Evidence 32 and 801. As noted by Defendants, Plaintiffs must comply with Federal Rule of Evidence 32(b) and this Court's Scheduling Order. In their Reply, Plaintiff agree to wait on objections from Defendants. To that end, any ruling will be deferred at this time.

*Expert testimony*

Plaintiffs move to substitute their proposed accident reconstructionist expert, Kelly Adamson, for another expert, Eric Burson because Mr. Adamson was going to be out of the country for the trial which was set for April 20, 2020; the trial was continued due to the COVID-19 pandemic. Defendants move to exclude Mr. Burson as a possible expert witness because the deadline for Plaintiffs to identify experts and furnish written expert reports has lapsed.

Plaintiffs continue to seek substitution even though the matter is not currently set for trial. Plaintiffs argue that Mr. Burson adopted Mr. Adamson's report in full, and Plaintiffs remark that they will produce both Mr. Burson and Adamson for depositions. Plaintiffs also note that Mr. Burson is an expert in the same field as Mr. Adamson and both are part of the same forensics and engineering firm.

Defendants complain that Plaintiffs first identified the proposed substitute expert two months before trial and after the expiration of the *Daubert* motion deadline, after expiration of the deadline for Plaintiffs' expert disclosures, after expiration of the deadline for Defendants' expert disclosures, and without timely producing his qualifications, publication history, testimony history, and compensation as required by Federal Rule of

6

Civil Procedure 26. Defendants also complain that Mr. Burson did not physically prepare the expert report on which he purports to testify at trial.

Plaintiff relies on *Jordan v. Intercontinental Bulktank Corp.*, 621 So.2d 1141, 1151-53 (La. App. Ct.), *writ denied sub nom., Jordan v. Intercontinental Bulktank Corp.,* 623 So.2d 1336 (1993). In *Jordan*, the trial judge refused to allow the substitution of an expert at trial; the appellate court found that the trial court had abused it discretion reasoning that any doubt must be resolved in favor of receiving the testimony.

As noted by Defendants, *Jordan* is distinguishable from the instant case. In *Jordan*, the substituted expert assisted in preparing the reports from which the original expert was to testify, was listed as a joint author of the expert reports, and all parties had been noticed that the substitute expert may be called to testify at trial. Defendants also note that the *Jordan* case did not involve the Rule 26 disclosure requirements and this Court's Scheduling Orders.

Plaintiffs argue that there is no prejudice or surprise to Defendants and this witness substitution is harmless citing *Liebel v. NCL (Bahamas) Ltd.,* 185 F.Supp.3d 1354, 1356-57 (S.D. Fla. 2016). Plaintiffs also note that they will make both Mr. Adamson and Burson available for Defendants to take their deposition. Because the trial has been continued and has yet to be reset, there is additional time for Defendant to prepare and depose Plaintiffs' expert. In the event they choose to substitute, Plaintiffs shall disclose within 15 days of this order which expert they will be calling to testify at the trial and Plaintiffs shall make that expert available for Defendants to depose. Defendants will be given leave to file any

motion in limine or *Daubert* motion, if they so choose. Therefore, this Motion in Limine will be denied.

## CONCLUSION

For the reasons set forth above, it is

**ORDERED** that the Motion in Limine filed by Plaintiffs (Rec. 59) is hereby **GRANTED IN PART** and **DENIED IN PART.** The motion is granted to the extent that Mr. Fox's two employment disciplinary actions shall be excluded, improper comparison arguments shall be excluded, anti-lawsuit comments will not be permitted, non-impeachment evidence not previously disclosed shall be excluded, evidence of Nu Line Transport's independent fault or negligence shall be excluded, any evidence or comments that Nu Line Transport is no longer in business shall not be permitted, evidence of amounts of insurance coverage shall be excluded, Defendant Brumfield's statement regarding his speed will be permitted; otherwise the motion is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine (Rec. 57) to exclude Mr. Burson's expert testimony is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 31st day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**