UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BENJAMIN FOX, ET AL** | **:** | **CIVIL ACTION NO. 18-00502** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **NU LINE TRANSPORT, LLC, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING AND ORDER

Before the court is a Motion to Quash Subpoenas filed by Plaintiffs Benjamin Fox and Holly Fox, individually and on behalf of their minor children (hereinafter collectively referred to as "Plaintiffs"). Doc. 88. The motion is opposed by defendants American Millennium Insurance Company, Nu Line Transport, LLC and Simon Brumfield (hereinafter collectively referred to as "Defendants"). Doc. 97. For the reasons that follow the motion is **DENIED**.

**I.**
**BACKGROUND**

This lawsuit alleges that defendant Simon Brumfield failed to observe three marked emergency vehicles parked in the left lane of a highway when his vehicle collided with the emergency vehicle in which plaintiff Benjamin Fox was sitting. Fox alleges that the accident caused him bodily injuries. Doc. 1, att. 9, p. 3.

Defendants issued a notice of records deposition pursuant to Rule 45 to two non-parties, the Center for Orthopaedics & Spine, LLC and Imperial Health Center for Orthopaedics. Doc. 89. These subpoenas are identical and seek information regarding the number of interventional

injection treatments performed by Dr. Joseph W. Crookshank, III within the last five years and the average amount of time between each injection treatment.[1]

Plaintiffs move to quash the subpoenas arguing that the information violates the Health Insurance Portability and Accountability Act ("HIPAA"), is irrelevant, outside the scope of discovery, and is unduly burdensome. Defendants oppose the motion arguing that plaintiffs lack standing to challenge the non-party subpoenas and that the subpoenas do not violate HIPAA. In reply, plaintiffs assert that they have standing to challenge the subpoenas under Rule 26 and the subpoenas should be quashed as impermissible under that rule.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 45(d)(3) governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court must, on a timely motion, quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Additionally, subpoenas under Rule 45 to a third party "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26." *In re Application of Time, Inc.*, 1999 WL 804090 at *7 (E.D. La. Oct. 6, 1999)(citations omitted).

Rule 26(b)(1) defines the scope of discovery. It states, in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1). The factors the court should consider when determining proportionality are "the importance of the issues at stake in the action,

---

[1] Dr. Joseph W. Crookshank, III is one of Fox's treating physicians.

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

For a party to have standing to quash a subpoena under Rule 45(d), the movant must "be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena." *Black v DMNO, LLC*, 2018 WL 488991, *2 (E.D. La. Jan. 18, 2018)(citing *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979). Generally, a party attempting to quash a subpoena issued to a non-party does not have standing "unless the objecting party claims some personal right or privilege with regard to the documents sought." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.). A party challenging a subpoena issued to a non-party may not object on the grounds that it "violates another person's privacy rights …, that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *River House Partners, LLC v. Grandbridge Real Estate Capital, LLC*, 2016 WL 3747613, *3 (M.D. La. July 11, 2016)(citing *Frazier v. RadioShack Corp.*, 2012 WL 832285, *1 (M.D. La. Mar. 12, 2012). A party does have standing to move for a protective order pursuant to Rule 26(c)(1) to challenge the scope of a subpoena even if the party does not have standing to move to quash the subpoena pursuant to Rule 45(d). *Id.*(citations omitted).

The subpoenas here seek information from the Center for Orthopaedics & Spine, LLC and Imperial Health Center for Orthopaedics regarding non-patient-specific statistical data about injection treatments performed by Dr. Crookshank over a five-year period. The subpoenas expressly state that they are "<u>not</u> requesting patient names, Social Security numbers, or any other

information that could be used to identify an individual patient." Doc. 89, p. 8. We note that plaintiffs are not in possession of or in control of the requested material, they are not the persons to whom the subpoenas are issue, and they have no personal right or privilege in the subject matter of the subpoenas. Thus we find that plaintiffs do not have standing to move to quash the subpoenas under Rule 45(d).

Likewise, while plaintiffs also challenges the scope of the subpoenas under Rule 26(c), we find that the subpoenas comport with the discovery standard set forth in the rule that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1). We find that the discovery sought by defendants complies with the rule.[2]

### III.
### CONCLUSION

Accordingly for the reasons stated,

**IT IS ORDERED** that the Motion to Quash Subpoenas [Doc. #88] is **DENIED**.

THUS DONE this 29th day of July, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] In their reply memorandum plaintiffs attach a letter written by the law firm that represents both the Center for Orthopaedics & Spine, LLC and Imperial Health Center for Orthopaedics and contend that the entities have "formally objected" to the subpoenas. Doc. 99, pp. 1-2. We first point out that neither entity joined in the instant motion nor did it file its own motion with this court objecting to the subpoenas. Further, while the letter does set forth the usual objections given in response to most discovery, it goes on to state that they do "wish to be cooperative in this matter within reason" and have "communicated with its practice management and electronic medical records software provider regarding whether the information requested can be retrieved … ." Doc. 99, att. 1, p. 1.