UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BENJAMIN FOX** | **CASE NO. 2:18-CV-00502** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NU LINE TRANSPORT L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Reconsideration of Partial Summary Judgment" (Doc. 104) filed by Plaintiffs, Benjamin Fox and Holly Fox, individually, and on behalf of their minor children, E. F. and N.F. On September 11, 2019, this Court granted Defendant Nu Line Transport, LLC's Motion for Partial Summary Judgment[1] and dismissed Plaintiffs' claims for direct or independent negligence. On June 25, 2020, the Court issued Memorandum Rulings in *David Roe v. Safety National Casualty Corp., et al*, Docket No. 2:18-1353[2] and *Gordon v. Great West Casualty Co., et* al Docket No. 2:18-967.[3] In *Roe,* we granted Plaintiff's Appeal of the Magistrate Decision; that decision denied Plaintiff's Motion to Amend. In *Roe*, Plaintiff's amendment would assert claims of direct negligence

---

[1] Docs. 37 and 38.
[2] Doc. 64.
[3] Doc. 55.

based on alleged breaches by other employees for duties of reasonable care by various instances of negligent hiring, training, supervision, and retention of the employee.

Specifically, Roe alleged that other employees of Defendant O'Reilly's (Defendant, Gerard Rea was the driver and employee of O'Reilly's), were delegated certain duties but failed to discharge those obligations. The Amended Complaint specifically named numerous obligations these other employees failed to discharge. Plaintiff further alleged comparative fault pursuant to Louisiana Civil Code articles 2323, 2324 and 1810 between Defendant Rea, O'Reilly's and these other O'Reilly employees.[4]

In *Gordon*, Plaintiffs alleged the negligence of the driver as well as the company's negligent failure to train or supervise him, and negligent entrustment of the vehicle to the driver who caused Plaintiff's injuries. Plaintiffs submitted summary judgment evidence that the driver's employer (1) failed to ensure the driver was not exceeding maximum driving hours, (2) failed to follow up with the driver's references and verify his experience, (3) did not have a proper safety program, and (4) lacked federally mandated front fender mirrors on the truck. Both drivers in *Roe* and *Gordon* were acting in the course and scope of their employment, and both lawsuits brought claims against their employers under *respondeat superior*.

In light of *Roe* and *Gordon,* Plaintiffs in this matter request that the Court reconsider our Memorandum Ruling which followed *Dennis v. Collins II, et al,* 2016 WL 6637973 (W.D. La. 2016) and dismissed Plaintiffs claims of direct negligence against Defendant Nu

---

[4] Plaintiff asserted that at the time of the Amended Complaint, the names of these employees were unknown, but would be named as they were ascertained through the discovery process. Doc. 36-10.

Line Transport LLC. In light of our rulings in *Roe* and *Gordon*, and for the reasons set forth in those rulings, the Court agrees with Plaintiffs in this matter and will grant their Motion for Reconsideration.

As in *Roe* and *Gordon*, Plaintiffs also allege a claim for direct negligence against Nu Line, the truck driver's employer. Specifically, Plaintiffs allege that Nu Line was negligent for failure to properly train on the safe operation of motor vehicles, negligent hiring, negligent supervision, allowing drivers to operate in icy conditions, and failure to design and enforce a standard operating procedure for driving in icy conditions.[5] Plaintiffs submitted summary judgment evidence including the deposition testimony of the truck driver Mr. Brumfield, who testified that Nu Line (1) conducted no safety meetings, (2) failed to provide training manuals, handbooks, or videos, and (3) failed to provide training sessions.[6] Nu Line's Corporate Representative admitted that it did not have a system in place for monitoring extreme weather conditions or warning/instructing drivers of dangerous weather conditions, it did not train drivers to navigate in hazardous weather, it did not provide driving standards or safety guidelines, and it did not cancel a load due to hazardous weather.[7] The Court finds that Plaintiffs have submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial.

---

[5] Doc. 1-4, Petition for Damages, ¶ 9.
[6] Plaintiffs' exhibit P-3, Brumfield depo. p. 17-18.
[7] Plaintiffs' exhibit P-4, Nu Line 30(b)(6) depo. pp. 7, 10-11, 14-15.

## CONCLUSION

For the reasons set forth herein, the Motion for Reconsideration will be granted; the Memorandum Ruling and Judgment[8] will be vacated; and the Motion for Partial Summary Judgment[9] will be denied, thus reinstating Plaintiffs' direct negligence claims against Nu Line Transport, LLC.

**THUS DONE AND SIGNED** in Chambers, on this 31st day of July, 2020.

*[signature]*
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[8] Docs. 37 and 38.
[9] Doc. 29.